**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HOLLY GIERTZ-RICHARDSON,

                Plaintiff,

-vs-                                                  Case No. 8:06-cv-1874-T-24MAP

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                Defendant.
_____/

## O R D E R

This cause comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action (Doc. No. 16), Plaintiff's Response thereto (Doc. No. 21) and Defendant's Reply (Doc. No. 26).

Plaintiff's action asserts that Defendant wrongfully discontinued payment of long term disability (LTD) benefits to her under the terms of an ERISA-regulated group insurance policy issued to her employer. Plaintiff's first cause of action seeks judicial reversal of Defendant's benefits decision. Plaintiff's second cause of action alleges that Defendant breached a fiduciary duty to Plaintiff when it evaluated and determined her eligibility for continued benefits. The third cause of action seeks the imposition of statutory penalties on Defendant for allegedly failing to provide information requested by Plaintiff's counsel during and after the benefits evaluation process.

Defendant now moves to dismiss the second and third causes of action. Plaintiff concedes that the second cause of action fails to state a claim, and, accordingly, this Court grants Defendant's motion as to the second cause of action. The Court now need only address the motion to dismiss the third cause of action.

Defendant argues that the third cause of action should be dismissed because: (1) statutory penalties are unavailable under the regulation relied upon by Plaintiff; and (2) Plaintiff does not and cannot plead a cognizable claim under the one provision of ERISA that does provide statutory penalties for failure to provide a participant with certain specified documents upon request. This Court finds that Defendant's arguments are well-taken and that the third cause of action must be dismissed for failure to state a claim.

Plaintiff concedes that statutory penalties are unavailable under the regulation relied upon by Plaintiff, i.e., 29 C.F.R. § 2560.503-1(g). Plaintiff offers to amend her complaint to include 29 U.S.C. § 1132(c) in Count III to correct this scrivener's error. Section 1132(c) is the ERISA provision that authorizes district courts, in their discretion, to impose a per diem penalty upon a plan administrator that "fails or refuses to comply with a request for information which such administrator is required by this subchapter to supply to a participant or beneficiary." 29 U.S.C. § 1132(c). This Court, however, will consider Defendant's motion to dismiss as though Plaintiff had plead the proper ERISA provision.

Defendant argues that Plaintiff's cause of action fails to state a claim under this provision because § 1132(c) does not apply to the type of information Defendant allegedly failed to provide and because, even if it were applicable to the type of information Defendant allegedly failed to provide, the provision does not apply to Defendant because Defendant was not the "plan administrator" of the plan.

Section 1132(c) does not authorize penalties in connection with any and all types of information requested by the participant; rather, it refers specifically to a plan administrator's "failure or refusal to provide the documents identified in Section 1024 [of ERISA], namely 'the

latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.'" Montgomery v. Metropolitan Life Ins. Co., 403 F. Supp. 2d 1261, 1265 (N.D. Ga. 2005)(quoting 29 U.S.C. § 1024(b)(4)). Because § 1024 specifically enumerates the types of documents to which § 1132(c) applies, penalties cannot be imposed "for failure to provide documents other than those identified" in § 1024. Id. at 1266; see also McNutt v. J.A. Jones Constr. Co., 33 F. Supp. 2d 1375, 1381-82 (S.D. Ga. 1998)(recognizing that § 1024(b)(4) "contains a comprehensive list of documents administrators must provide," and ruling that § 1132(c) penalties were not available for failure to supply documents that were "not among the documents listed under the statute that must be provided to plan participants").

Plaintiff alleges in her third cause of action that Defendant failed to furnish "documentation regarding HARTFORD LIFE'S consultant physicians and vocational case manager relied upon by its employees in evaluating or assessing the GIERTZ-RICHARDSON claim and relevant internal guidelines and claim manuals relied upon in evaluating plaintiff's claim." Complaint, ¶ 222. None of these materials is contained in § 1024, and, therefore, Defendant cannot be subject to penalties under § 1132(c) for allegedly failing to supply them to Plaintiff. See Brucks v. Coca-Cola Co., 391 F. Supp. 2d 1193, 1210-11 (N.D. Ga. 2005)(rejecting claimant's request for § 1132(c) penalties in connection with administrator's failure to supply requested "claims manuals, claims guidelines, CV's, medical record reviews, etc." because such documents are not "[p]lan documents required to be provided under Section 1024"); Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 405-07 (7th Cir. 1996)(holding that § 1132(c) did not apply to administrator's alleged "failure to furnish the claim file").

Plaintiff urges the Court to expand the scope of § 1132(c) to include not only the documents specified in § 1024, but also all documents that the Department of Labor's implementing regulations require to be supplied to claimants. The Court notes that Plaintiff does not cite a single case in support of this argument, and the Court is not so inclined as to expand the scope of § 1132(c). See Berg v. BCS Fin. Corp., 372 F. Supp. 2d 1080, 1092 (N.D. Ill. 2005)("[N]o matter how pointedly 29 C.F.R. [§] 2560.503-1 speaks to plan administrator conduct, it cannot form the basis for a statutory penalty . . . ."); Anderson v. Sotheby's Inc. Severance Plan, 2005 WL 1309056, *4 (S.D.N.Y. 2005)(recognizing that § 1132(c) penalties "may not be imposed on a plan administrator for [its] failure to fulfill obligations imposed only by regulations promulgated pursuant to ERISA").

Accordingly, Defendant's motion to dismiss Plaintiff's third cause of action for failure to state a claim is well-taken, and the Court finds that the third cause of action must be dismissed.[1] See Berg, 372 F. Supp. 2d at 1091-92 (dismissing § 1132(c) claim and ruling that allegations of administrator's failure to "provide [claimant] with requested documents and other information related to his claim for benefits . . . cannot support a claim for statutory penalties").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action (Doc. No. 16) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of April, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

---

[1] Because the Court finds that Plaintiff's third cause of action must be dismissed on this ground, it need not address Defendant's argument that § 1132(c) does not apply to Defendant because Defendant is not the "plan administrator."