UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLY GIERTZ-RICHARDSON,

        Plaintiff,

v.                                              CASE NO.: 8:06-cv-1874-T-24MAP

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.
_____/

## **ORDER**

This cause is before the Court on the Defendant's Motion to Require Confidentiality of its

BMS Library (doc. 53).  For the reasons that follow, this motion is denied.

The Plaintiff originally sent her discovery requests on April 16, 2007.  One of her discovery

requests specifically referenced the "BMS Reference Guidelines,"[1] and the BMS Library was

potentially responsive to other more general document requests.  After receiving an extension, the

Defendant responded on June 6, 2007.  The Defendant objected to the request that specifically

mentioned the BMS Reference Guidelines, as well as to the more general requests, asserting, *inter*

*alia*, that the requests sought "the confidential commercial and proprietary information of Hartford

Life." *See* doc. 47-7 at 10.  The Plaintiff moved to compel on August 24, 2007 (doc. 43).

The Court held a hearing on the Plaintiff's motion on September 11, 2007.  When the Court

was considering the document request that specifically referred to the BMS Reference Guidelines,

Plaintiff's counsel stated that she already had the BMS reference library from another case, and did

not need the Defendant to duplicate what she already had.  She stated that she was withdrawing the

---

[1] This request apparently was originally numbered 24, but in the Motion to Compel, was
numbered 17. *Compare* Plaintiff's First Request for Production, doc. 47-3, at 9, with Plaintiff's
Motion to Compel, doc. 43, at 13.

document request that referenced the BMS Reference Guidelines.  Because the Plaintiff withdrew her request for the BMS Library, the Court did not consider or rule on the issue of whether the BMS Library was confidential.  As to other interrogatories and document requests, the Court granted in part the Plaintiff's motion to compel, and directed the Defendant to provide its responses on or before October 5, 2007.  *See* September 12, 2007, Order, doc. 49.  The Court denied the Plaintiff's motion to stay and extend the discovery cutoff of September 7, 2007, finding no good cause for such an extension.  *See id*.

At some point after the hearing, and well after the September 7, 2007, discovery cutoff, Plaintiff's counsel contacted the Defendant to request the BMS Library.  The Defendant sent a letter on October 16, 2007, requesting that the Plaintiff execute a confidentiality stipulation before receiving the BMS Library.  *See* doc. 53-2.  On October 18, the Plaintiff responded, stating that she refused to enter into a confidentiality stipulation.  *See* doc. 53-3.  The Plaintiff stated that she had learned through a deposition that the BMS Library was "updated on a regular basis," so she could no longer rely on the version of the BMS Library she had from another matter, and needed an updated copy from the Defendant directly.  *See id.* On October 22, the Defendant again stated that the BMS Library was confidential, and again requested that the Plaintiff enter into the confidentiality stipulation.  *See* doc. 53-4.  Although the Plaintiff had not yet agreed to enter into the confidentiality stipulation, the Defendant provided the Plaintiff with a hard copy of the BMS Library, with the pages stamped "CONFIDENTIAL."  The Defendant stated in the letter that if the parties could not reach an agreement, it would file a motion requesting that the documents be kept confidential and their use restricted to this litigation.  The Defendant stated, "Until such time as we meet and confer, Hartford Life requests that Plaintiff keep the documents being provided confidential and restrict their use to the above matter."  After further negotiations, the parties failed

to reach agreement, and on November 2, 2007, the Defendant filed its Motion to Require Confidentiality of its BMS Library (doc. 53).

Both the Defendant and the Plaintiff apparently assume that the Court's order of September 12, 2007, required production of the BMS Library. *See* Defendant's Motion to Require Confidentiality, doc. 53, at 2 ("This Court's September 12, 2007 Order on Plaintiff's Motion to Compel Discovery required, among other things, production of the BMS Library."), and Plaintiff's Memorandum in Opposition, doc. 54, at 2 ("This Court has already ruled that Hartford must produce the BMS Reference Library, without any protective order."). However, because the Plaintiff withdrew her request for the BMS Library at the September 11, 2007, hearing, the Defendant was under no obligation to provide it. When the Plaintiff changed her position and requested an updated BMS Library well after the September 7, 2007 discovery cutoff, the Defendant could have opposed this request. The Defendant opted instead to enter into negotiations regarding the document's confidentiality and to provide the document with the pages stamped "CONFIDENTIAL." Parties are free to continue to conduct informal discovery and engage in negotiations following the Court's discovery cutoff, but they should not expect the Court to police their efforts. *See* Middle District Discovery (2001) § I.F.1 ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date."). Thus, the Defendant's request for an order requiring the Plaintiff to execute a confidentiality stipulation or limiting the Plaintiff's use and disclosure of the BMS Library to this litigation is denied.

Accordingly, it is ORDERED:

1. Defendant's Motion to Require Confidentiality of its BMS Library (doc. 53) is DENIED.

DONE and ORDERED at Tampa, Florida on January 10, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE